# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., A
NATIONAL BANKING ASSOCIATION,
Appellant,
vs.
CHRISTOHPER R. FRANCO AND
MELISSA R. HERNANDEZ,
Respondents.

No. 71358

FILED

NOV 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the judgment and remand for further proceedings.[1]

We conclude that the district court erroneously granted summary judgment for respondents' predecessor, as appellant's agent tendered $355.50 to the HOA's agent, which undisputedly represented 9 months of assessments.[2] *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2009)] . . . is limited to an

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Although respondents contend that the relied-upon evidence does not "constitute competent evidence" that a tender was delivered, respondents' predecessor did not dispute in district court that a tender was delivered or otherwise identify the alleged evidentiary shortcomings that respondents now identify on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

18-904724

amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although respondents contend that the tender was ineffective because it imposed conditions and that respondents' predecessor is protected as a bona fide purchaser, we recently rejected similar arguments.[3] *Id.* at 118, 121. Accordingly, respondents' predecessor took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:     Hon. James Crockett, District Judge
        Law Offices of Amy N. Tirre
        Springel & Fink, LLP
        Molof & Vohl
        Eighth District Court Clerk

---

[3]Respondents have not identified any condition that appellant was not legally entitled to impose.